IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Daniel Draper, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:22-cv-03543 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mailroom Staff, Warden A. Barnes, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Daniel Draper, a federal inmate housed at Federal Corrections Institution ("FCI") Bennettsville, brought this action. (ECF Nos. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On December 6, 2022, the magistrate judge issued an order informing Plaintiff that his Complaint is subject to summary dismissal for failure to state a claim and granting Plaintiff twenty-one (21) days in which to file an amended complaint curing the deficiencies identified in the order. (ECF No. 5). In that same order, the magistrate judge advised Plaintiff of his duty to keep the court informed as to his current address. *Id.* at 6. The magistrate judge warned Plaintiff in the orders that if he failed either to file an amended complaint within the time permitted or to keep the court informed of his current address, his case may be subject to dismissal. *Id.* at 4, 6. On December 6, 2022, the magistrate judge's order was mailed to Plaintiff at the address he provided to the court. (ECF No. 6). The order was not returned to the court as undeliverable, and Plaintiff is presumed to have received it.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the action be dismissed without leave to amend and without issuance and service of process. (ECF No. 8). This Report was mailed to Plaintiff at his last known address

1

(ECF No. 9), and it was not returned as undeliverable. Therefore, the court presumes that Plaintiff received his copy of the Report. The Report specifically advised Plaintiff of his right to file objections thereto (ECF No. 8 at 8); however, Plaintiff filed no objections, and the time to do so has long since run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly ADOPTS, the magistrate judge's findings and recommendations in the Report (ECF No. 8), which is incorporated herein by reference. Therefore, this case is **DISMISSED** without leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 22, 2023

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.